O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GARCIA,<br><br>            Petitioner,<br>   v.<br>UNITED STATES OF AMERICA,<br><br>           Respondent. | Case No. 2:12-cv-01878-ODW<br>Case No. 2:10-cr-00425-ODW√<br><br>**ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2255** |

       The Court is aware that mail addressed to Petitioner Carlos Garcia has been returned because he is no longer at the address the Court has on file.[1] (ECF No. 10.) When Garcia filed this habeas petition under 28 U.S.C. § 2255, he was informed that he must notify the Court within 15 days of any address change: "If mail directed to your address of record is returned undelivered by the Post Office, and the Court and opposing counsel are not notified in writing within [15] days thereafter of your current address, the Court may dismiss the case with or without prejudice for want of prosecution." (Letter re Filing H/C Pet. or 28/255 Mot., ECF No. 1.) The Court is therefore within its right to dismiss Garcia's Petition for lack of prosecution.

       Nevertheless, review of Garcia's Petition and the Government's Opposition reveals that the Petition should also be dismissed on the merits. Garcia argues that this Court impermissibly applied a 16-level sentencing enhancement for removal after

---

[1] The only address the Court has for Garcia is P.O. Box 305, Jonesville, Virginia 24263.

conviction of a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). (Pet. 5–6.) But Garcia specifically stipulated to this enhancement in his Plea Agreement. *United States v. Garcia*, No. 2:10-cr-425-ODW-1, ECF No. 11 ("Plea Agreement") ¶ 11 (C.D. Cal. filed Apr. 28, 2010). He also waived "any right to bring a post-conviction collateral attack on [his] conviction or sentence," except in limited circumstances not applicable here. (Plea Agreement ¶ 19.) And even had he not so stipulated, Garcia's failure to raise his issue with the enhancement first before this Court or on direct appeal to the Ninth Circuit constitutes a procedural default of that claim.[2] *Bousley v. United States*, 523 U.S. 614, 622 (1998). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and 'actual prejudice,' or that he is 'actually innocent.'" *Id.* (citations omitted). Garcia has made no such showing.

Carlos Garcia's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2255 is therefore **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

April 25, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[2] While Garcia did file a notice of appeal in his criminal case, he subsequently moved for voluntary dismissal of the appeal. *Garcia*, No. 2:10-cr-425-ODW-1, ECF Nos. 35, 49.